# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEROY DADE** | : |
|               **Petitioner,** | : |
| | : |
| **v.** | :    **CIVIL ACTION NO. 18-3411** |
| | : |
| **SUPERINTENDENT** | : |
| **MARK COPOZZA,** *et al.* | : |
|               **Respondents.** | : |

## ORDER

Petitioner, who is proceeding *pro se*, seeks relief in this Court pursuant to 28 U.S.C. § 2254, arguing that his state-court conviction was imposed in violation of the United States Constitution.[1] Petitioner is serving an aggregate sentence of 20 to 40 years incarceration following his guilty plea in the Montgomery County Court of Common Pleas for robbery, burglary, and aggravated assault. The petition was referred to Magistrate Judge David R. Strawbridge, who has issued a Report and Recommendation ("R&R") that the petition be denied as untimely.[2]

Dade seeks habeas relief on a single ground: that that his guilty plea was "unintelligent and unknowing" due to mental health issues and an asserted traumatic brain injury.[3] The R&R explained that the one-year statute of limitation period under AEDPA began to run on June 13, 2012, but that Dade did not file his federal habeas petition until August 7, 2018.[4] Dade argued, though, that he is entitled to equitable tolling based on his "mental incompetency" because his

---

[1] Doc. No. 1. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

[2] Doc. No. 17.

[3] Doc. No. 1 at 7.

[4] R&R at 5.

condition constitutes "extraordinary circumstances."[5] The R&R explained that while incompetence can provide grounds for equitable tolling, a petitioner must demonstrate that he was mentally incompetent and that "there is a nexus between the petitioner's mental condition and [his] inability to file a timely petition."[6] Moreover, "a mental condition that burdens but does not prevent a prisoner from filing a timely petition does not constitute 'extraordinary circumstances' justifying equitable tolling."[7] Dade's only support for his claim was a document from a full year before his guilty plea was entered, and while that document states "that he was 'diagnosed with post traumatic stress disorder and depression,' it contains no information about his competence, nor any specifics about the consequences of his limitations."[8] Therefore, the R&R concluded that "Dade has not established that he was mentally incompetent, nor has he established a nexus between his mental health and his inability to file."[9]

Dade has not filed objections to the R&R. After an independent review of the record and the R&R, the Court concludes that the petition was filed years too late.

**AND NOW**, this 27th day of December 2019, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the R&R of United States David R. Strawbridge, and for the reasons stated above, it is hereby

---

[5] Doc. No. 16 at 13-14. Federal courts may equitably toll the limitations period if a habeas petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (citation omitted).

[6] R&R at 7 (quoting *United States v. Harris*, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001)).

[7] *Id.* (quoting *Harris*, 268 F. Supp. 2d at 506).

[8] *Id.* at 7-8.

[9] *Id.* at 7. The R&R also held that that there was no statutory tolling because the PCRA court denied Dade's PCRA petition as untimely. *See id.* at 6 (citing *Pace v. DiGulielmo*, 544 U.S. 408, 417 (2005)). Moreover, the R&R explained that actual innocence could not excuse Dade's untimely petition because Dade stated that "I do not claim that I did not commit these wrongs. And I do except [sic] full responsibility for all my actions." *Id.* at 9 (quoting Doc. No. 16 at 1).

**ORDERED** that:

1. The R&R [Doc. No. 17] is **APPROVED AND ADOPTED**;

2. The Petition will be dismissed by separate Order.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**